

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ross Doughty, Jr.
County Attorney
Uvalde County
Uvalde, Texas

Dear Sir:

Opinion No. O-928
Re: Where an owner renders
three lots for taxation
in solido for several
years, may one of his
heirs pay and demand re-
ceipt for pro rata taxes
on her one-sixth inherit-
ance, without paying tax-
es, penalties, interest,
etc., delinquent on the
entire tract for such
period?

Under date of June 2, 1939, you ask if a partial pay-
ment of taxes may be made upon property which was rendered
for taxation in solido, and in connection therewith submit
the following facts, which we quote from your letter:

"As County Attorney of Uvalde County,
Texas, I am contemplating filing suit in
the name of the State of Texas against
Praxedis M. de Torres, in the District Court
of Uvalde County, Texas, for the collection
of delinquent taxes due and owing by her to
the State of Texas and to the County for the
years 1931, 1932, and 1933. The following
are the facts:  In 1931, 1932, and 1933, Mr.
C. R. Mata, Sr. owned Lots 1, 2 and 3 in the
City of Uvalde, County of Uvalde, State of
Texas, and the same was occupied as his home-
stead.  He rendered the three lots as one
tract for the years 1931, 1932, and 1933 at

the following valuations:

| 1931 | $3,000 |
| 1932 | 2,550 |
| 1933 | 2,550 |

"In the early months of 1934, C. R. Mata, Sr. died, and his widow and children executed and delivered partition deeds whereby the east 1/2 of Lot 3 became the property of Praxedis M. de Torres, a daughter of C. R. Mata (the portion given her being 1/6 of the total area of Lots 1, 2 and 3). Praxedis M. de Torres failed to render the property, and the Tax Collector's office carried her portion of the property, being the east 1/2 of Lot 3, on the unrendered roll at a valuation of $500, and then from the years 1935 to 1938, inclusive, Praxedis M. de Torres sometimes rendered the east 1/2 of Lot 3 and sometimes did not, with the result that through the years 1935 to 1938, inclusive, the east 1/2 of Lot 3 was carried either on the rendered roll or the unrendered roll at a valuation of $500.

"The east 1/2 of Lot 3, 1/6 of the total area, is worth considerably more than 1/6 of the total assessed value, and the remainder of the property, of the joint rendition, is not worth 5/6 of the assessed value. The west 1/2 of Lot 3 is occupied as, and is the homestead of the widow of C. R. Mata, deceased.

"Praxedis M. de Torres has rendered the pro rata (1/6) taxes on the east 1/2 of Lot 3, and claims that she does not have to pay but 1/6 of the tax, penalty and interest accruing for the years 1931, 1932, and 1933, when the property was owned by her father, C. R. Mata. The question that has arisen is whether or not the tax collector can issue a tax receipt to Praxedis M. de Torres for the years 1931, 1932, and 1933 on the east 1/2 of Lot 3, being 1/6 of the total area of Lots 1, 2 and 3,

upon payment of 1/6 of the total taxes, penalty, and interest due against Lots 1, 2, and 3."

The taxpayer in the instant case is doubtless relying upon the principle of law announced in the case of Richey et al v. Moor, 249 S. W. 172, as authority for the partial payment for the claimed taxes. The Supreme Court in this case held that under Article 8, Section XV, Constitution of Texas, and Revised Statutes, Article 7528, which provide that the annual assessment made on landed property shall be a special lien thereon, the lien attaches only to each separate tract or parcel of land for the taxes assessed against it, and consequently the owner has the right to pay the amount of taxes assessed against one tract which has been separately assessed without offering to pay the taxes on other tracts.

But we submit that this well-established principle of taxation, announced in this and other decisions by the Supreme Court, has no application to your question. In the instant case the lots or tracts of land involved were rendered by the owner for taxation in solido, while in the cited case each lot or tract involved was separately rendered and valued, and it is this fact which is determinative of the right of a taxpayer to pay the amount of taxes against one lot without paying or offering to pay the taxes against other lots or tracts.

This distinction was pointed out by the Supreme Court in State Mortgage Corporation v. Ludwig et al, 48 S. W. (2) 950, with the following language:

"The Supreme Court most properly held in Richey v. Moor, 112 Tex. 493, 249 S. W. 172, that the owner or his assign, who had separately rendered and valued eight parcels of land for taxation, was entitled to compel the tax collector to accept, and issue a receipt for, the taxes on any one parcel, since the lien attached, under the present Constitution and laws, against each lot separately valued and assessed, for the amount of taxes on that lot alone. The court has never held that the same rule applied where the owner elected to treat two parcels as one for taxation purposes."



Upon facts paralleling the facts of the instant inquiry and involving the assessment and collection of taxes upon an inherited tract or parcel of land, rendered for taxation by the ancestor in solido, the court in the decision next above cited, virtually answers your question as follows:

"It suffices to dispose of the attack on the tax judgment before us as a nullity because a lien was enforced against two separate lots for taxes on their aggregate value, that there is nothing in the record of the tax suit nor even in the averments of defendant in error's pleadings to repel the presumption that the foreclosure followed a rendition by Albert Ludwig of both lots for taxation as one. We hold that the owner of lots, or of an interest therein, or his assigns, who is thus responsible for the taxing authorities treating two parcels as one, will never be allowed to successfully attack, on that ground alone, the assessment, nor subsequent proceedings for the collection of the taxes. Any bar against Albert Ludwig is equally effective against rights derived by heirship from him." (Emphasis ours)

While other cases could be cited to the same effect, we believe the foregoing authority amply supports our conclusion that the tax collector of Uvalde County is not authorized or required to issue a tax redemption certificate to Praxedis M. de Torres upon payment or tender by her of only 1/6 of the total tax, penalties and interest accruing for the years 1931, 1932 and 1933 against lots 1, 2 and 3 in the city of Uvalde, County of Uvalde, State of Texas, rendered for taxation in solido for such period by her father, C. R. Mata, Sr.

Thanking you for your helpful suggestions, and trusting that the foregoing will satisfactorily answer your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Pat M. Neff, Jr.
Assistant

APPROVED JUL 6, 1939

FIRST ASSISTANT
ATTORNEY GENERAL.

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN